UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:20-CV-14293-ROSENBERG/MAYNARD

ROBERT ALLEN AUSTIN,

    Plaintiff,

v.

ELIZABETH ROSE MCHUGH &
JAMES WALTER MCCANN,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS AND DISMISSING PLAINTIFF'S COMPLAINT**

This cause is before the Court on Defendants' Motion to Dismiss. DE 15.  Plaintiff filed a Response to the Motion. DE 20.  For the reasons set forth below, Defendants' Motion is granted.

Plaintiff was the Respondent in Florida Circuit Court case number 56-2013-DR-000026, a matter concerning child support arrears and attorney's fees owed by Plaintiff. DE 6. The Circuit Court case was closed on August 7, 2020. DE 6. Plaintiff commenced the instant suit on August 24, 2020, alleging, *inter alia*, several due process violations stemming from the actions taken by Defendant McHugh in her capacity as a Hearing Officer and Defendant McCann in his capacity as a Circuit Court Judge in case number 56-2013-DR-000026.  DE 6 at 1-3.

Defendants argue that this case should be dismissed under the *Rooker-Feldman* doctrine. DE 15 at 9-10. The Court finds this argument persuasive as more fully set forth below. As a result, the Court does not address Defendants' other arguments for dismissal.

Federal review of state-court judgments may only occur in the United States Supreme Court. 28 U.S.C. § 1257(a); *see also Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305 (S.D. Fla. 2011) (considering a case with analogous arguments).  Therefore, this Court lacks jurisdiction to review final state-court judgments.  Defendants argue that Plaintiff's claims seek a review of Plaintiff's

final state-court judgment regarding child arrears and attorney's fees. DE 15 at 10. The *Rooker-Feldman* doctrine encapsulates and delineates the rule that district courts may not review final state-court judgments, and the doctrine precludes review of claims that are "inextricably intertwined" with state judgments.  *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009).  However, where a party did not have a "reasonable opportunity to raise [a] federal claim in state proceedings" the doctrine does not apply.  *Id.*  In such a situation, a plaintiff's claims are not considered to be inextricably intertwined with the state court judgment.  *See Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996).

Notably, the Eleventh Circuit and many district courts have applied the *Rooker-Feldman* doctrine to dismiss actions where a plaintiff was effectively seeking to challenge state-court judgments.  *See, e.g.*, *Parker v. Potter,* 368 F. App'x 945, 947-48 (11th Cir. 2010) (rejecting under *Rooker-Feldman* a federal claim under the Truth in Lending Act that sought rescission of a state foreclosure judgment); *Velardo v. Fremont Inv. & Loan,* 298 F. App'x 890, 892-93 (11th Cir. 2008) (holding that appellants' federal TILA claims were inextricably intertwined with a state-court foreclosure judgment and thus barred by *Rooker-Feldman*); *Harper v. Chase Manhattan Bank,* 138 F. App'x 130, 132-33 (11th Cir. 2005) (dismissing federal TILA, Fair Debt Collection Practices Act, and Equal Credit Opportunity Act claims under *Rooker-Feldman* because they were inextricably intertwined with a state-court foreclosure proceeding); *Aboyade Cole Bey v. Bank Atl.,* 2010 WL 3069102, at *2 (M.D. Fla. 2010) (finding the court had no jurisdiction to hear plaintiff's case under *Rooker-Feldman* because the case was, "at its core," an attempt to revisit a state-court foreclosure judgment); *Distant v. Bayview Loan Servicing, LLC,* 2010 WL 1249129, at *3 (S.D. Fla. 2010) ("Although plead as conspiracy claims ..., Plaintiff is clearly asking this Court to invalidate the state court action by ruling that the state court foreclosure judgment is somehow void. Under the

*Rooker-Feldman* doctrine, [defendant] is correct that this Court lacks subject matter jurisdiction, as Plaintiff seeks a *de facto* appeal of a previously litigated state court matter."); *Figuero*, 766 F. Supp. at 1320 (collecting and discussing the cases cited above).

Here, Plaintiff's claims stem from the state court proceeding that ended on August 7, 2020. DE 6. After reviewing Plaintiff's claims in the context of Plaintiff's factual allegations, the Court finds that Plaintiff's contention is in essence the Florida Circuit Court improperly adopted the Recommendation of the hearing officer, which found Plaintiff owed the amounts stated in the arrearage affidavit. DE 6 at 20. In his Complaint, Plaintiff alleges, *inter alia*, that the procedures of the state court violated his due process rights and the judgment issued by the state court was defamatory. DE 6.

There are no procedural bars to the application of the *Rooker-Feldman* doctrine to this case as this case was filed subsequent to Plaintiff's final state court judgment. *See Exxon Mobile Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Plaintiff essentially seeks damages that stem from the Final Order signed by Circuit Judge McCann adopting the Recommendations of Hearing Officer McHugh finding that Plaintiff owed $604.57 in child support and $1,235.98 in attorneys' fees. DE 6. The only way Plaintiff could have been damaged is if the Final Order was improperly issued. By signing the Final Order, the state court has determined that the finding that Plaintiff owed child support and attorneys' fees was proper. Were judgment to be entered in this case in favor of Plaintiff, it would necessarily follow that the state court Final Order was in error and, as a result, this Court cannot grant Plaintiff his requested relief without disturbing the Final Order issued in case 56-2013-DR-000026. *See, e.g.*, *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150 (E.D.N.Y. 2010). It is for state appellate courts and the United States Supreme Court to tell state courts that they are wrong. *See Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1324 (S.D. Fla. 2011). To

the extent Plaintiff seeks monetary damages and does not seek to overturn the state court child support order, this has no bearing on the Court's decision as damages would only be available where there was a wrongful state order.  *See, e.g.*, *Rene v. Citibank*, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999).  Finally, the Court finds that Plaintiff did have reasonable opportunity to raise their claims in their state court proceeding.  *See Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009).

For the foregoing reasons, the Court finds that Plaintiff's claims are inextricably intertwined with Plaintiff's final state court child support judgment as to all Defendants and, as a result, the Court finds that it does not have subject matter jurisdiction over Plaintiff's claims.  Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Complaint [DE 1] is **DISMISSED** in its entirety;

2. Defendants James Walter McCann and Elizabeth Rose McHugh's Motion to Dismiss [DE 15] is **GRANTED**;

3. All other pending motions are **DENIED AS MOOT**;

4. All pending deadlines and hearings are **TERMINATED**; and

5. The Clerk of the Court is directed to **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 30th day of September, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record